1  RANDY S. GROSSMAN
   United States Attorney
2  JULIE A. BAUMAN
   Assistant United States Attorney
3  California State Bar No. 301489
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-4262

6  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

**FILED**

AUG 4 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,          Case No. 22-cr-1567

11                   Plaintiff,        **PLEA AGREEMENT**

12      v.                             (Pre-Indictment
                                        Fast-Track Program)
13  ANTONIO PEREZ-PEREZ,

14  _____ Defendant.

15      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

16  through its counsel, Randy S. Grossman, United States Attorney, and

17  Julie A. Bauman, Assistant United States Attorney, and defendant,

18  ANTONIO PEREZ-PEREZ, with the advice and consent of Logan C. Noblin,

19  counsel for defendant, as follows:

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  JABA:sc:7/8/22

Def. Initials A.P.P

# I

## THE PLEA

### A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

On or about June 14, 2022, within the Southern District of California, defendant ANTONIO PEREZ-PEREZ, an alien, who previously had been excluded, deported, and removed from the United States, was found in the United States, without the Attorney General of the United States and his/her designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b).

It is further alleged that defendant was removed from the United States subsequent to February 24, 2015.

### B.   EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.   In accordance with this program, defendant agrees not to file or argue any substantive motions, including those described in Fed. R. Crim. P. 12.

## II

## NATURE OF THE OFFENSE

### A.   ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

> 1.   Defendant was removed or deported from the United States;
>
> 2.   Thereafter, defendant voluntarily entered the United States;
>
> 3.   At the time of entry, defendant knew defendant was entering the United States or after entering the United

2

Def. Initials A.P.P
_____ CR _____

States, defendant knew defendant was in the United States and knowingly remained;

4. Defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

5. Defendant was an alien at the time of defendant's entry into the United States; and,

6. Defendant was free from official restraint at the time defendant entered the United States.

7. Defendant was removed from the United States subsequent to February 24, 2015.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On January 21, 2016, defendant was lawfully removed from the United States.

2. Thereafter, defendant voluntarily entered the United States.

3. At the time of entry, defendant knew defendant was entering the United States or after entering the United States, defendant knew defendant was in the United States and knowingly remained.

4. On June 14, 2022, defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States. Defendant was found approximately 2 miles east of the Otay Mesa, California port of entry, and 1 mile north of the international border between Mexico and the United States.

5. Defendant was an alien at the time of defendant's entry into the United States. At all times, defendant has been a citizen of Mexico, and not a citizen or national of the United States.

6. Defendant was free from official restraint at the time defendant entered the United States; that is, defendant was not observed or detected by government authorities

3

Def. Initials A.P.D

_____ CR _____

and was able to move freely within the United States.

7. Defendant was removed subsequent to February 24, 2015, which is the date of defendant's most recent felony conviction.

8. On or about February 16, 2013, defendant was lawfully ordered removed or deported from the United States for the first time. Defendant also was ordered removed on or about January 21, 2016 via an Administrative Removal Order.

9. On February 24, 2015, defendant was convicted of Possession of Marijuana for Sale, a felony, and sentenced to 1.5 years in prison.

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A. A maximum 20 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count; and

D. A term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS
## AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;

D. confront and cross-examine adverse witnesses;

E. testify and present evidence and to have witnesses testify on behalf of defendant; and

4

Def. Initials A.P.P

_____ CR _____

1       F.    not testify or have any adverse inferences drawn from the
2               failure to testify.

3       Defendant has been advised by counsel and understands that because
4  defendant is not a citizen of the United States, defendant's conviction
5  in this case makes it practically inevitable and a virtual certainty
6  that defendant will be removed or deported from the United States.
7  Defendant may also be denied United States citizenship and admission to
8  the United States in the future.

9                                 **V**

10  **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
11  **PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

12       Any information establishing the factual innocence of defendant
13  known to the undersigned prosecutor in this case has been turned over
14  to Defendant. The Government will continue to provide such information
15  establishing the factual innocence of defendant.

16       If this case proceeded to trial, the Government would be required
17  to provide impeachment information for its witnesses. In addition, if
18  defendant raised an affirmative defense, the Government would be
19  required to provide information in its possession that supports such a
20  defense. By pleading guilty, defendant will not be provided this
21  information, if any, and defendant waives any right to this information.
22  Defendant will not attempt to withdraw the guilty plea or file a
23  collateral attack on the existence of this information.

24  //
25  //
26  //
27  //
28  //

                         5

Def. Initials A.P.P
CR

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

//

//

//

6

Def. Initials A.P.P

_____ CR _____

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a criminal history report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the criminal history report. **Defendant agrees to request that a criminal history report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

7

Def. Initials A.P.P.
_____ CR _____

of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1.   Base Offense Level [USSG § 2L1.2(a)]      8

2.   Prior Illegal Reentry/Entry Offense       −[1]
     [USSG § 2L1.2(b)(1)]
     Specific Offense Characteristic to be
     determined following preparation of a
     criminal history report, up to a +4.

3.   Pre-Removal Order Felony Conviction       −[1]
     [USSG § 2L1.2(b)(2)]
     Specific Offense Characteristic to be
     determined following preparation of a
     criminal history report, up to a +10.

4.   Post-Removal Order Felony Conviction      −[1]
     [USSG § 2L1.2(b)(3)]
     Specific Offense Characteristic to be
     determined following preparation of a
     criminal history report, up to a +10.

5.   Acceptance of Responsibility             −2/−3
     [USSG § 3E1.1]

6.   Departure for Fast Track                  −4*
     [USSG § 5K3.1]

**\*If defendant is determined by the Government to be in Criminal History Category VI, then the Government will recommend only a two-level downward departure for Fast-Track.  Furthermore, the Government reserves the right to reduce its recommended fast track departure if defendant**

[1]   The parties are free to argue for the applicability of any Specific Offense Characteristic, pursuant to USSG § 2L1.2(b), based on the information available at the time of sentencing.

8

Def. Initials _R.P.P_

_____CR_____

does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.   Falsely denies prior criminal conduct or convictions;

    3.   Is untruthful with the Government, the Court or probation officer; or

    4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X of this plea agreement.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and

9

Def. Initials A.P.P
_____ CR _____

as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of:  the low end of the advisory Guidelines range as calculated by the Government, 120 days in custody, or the time served in custody at the time of sentencing.

G.   SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

//

//

//

Def. Initials A.P.P
____CR____

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above the high end of the guideline range as calculated by the Government pursuant to this agreement (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence); and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

11

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   ~~Appealing (which occurs if a notice of appeal is filed) or~~ collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement. Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this ]agreement. Defendant also waives any double jeopardy defense to such charges. In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the

12

1 prosecution of the charge(s) that is the subject of this plea agreement
2 or any charge(s) that the prosecution agreed to dismiss or not file as
3 part of this agreement, but later pursues because of a breach by the
4 defendant. Additionally, defendant knowingly, voluntarily, and
5 intelligently waives any argument that the statements and any evidence
6 derived from the statements should be suppressed, cannot be used by the
7 Government, or are inadmissible under the United States Constitution,
8 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
9 the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//

13

Def. Initials A.P.P

CR

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

**7/29/22**
_____
DATED

_____
JULIE A. BAUMAN
Assistant U.S. Attorney

_____
DATED    7/28/22

_____
LOGAN C. NOBLIN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

X 28/7/22
_____
DATED

X _____
ANTONIO PEREZ-PEREZ
Defendant

Approved by:

_s/ Charlotte E. Kaiser_
CHARLOTTE E. KAISER
Assistant U.S. Attorney

Rev. 6/10/2021 cek

14

Def. Initials A.P.P
_____ CR _____